IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

~~FILED~~ ~~ENTERED~~
~~LODGED~~ ~~RECEIVED~~
*nightdrop*
MAR 1 6 2018

~~CLERK U.S. DISTRICT COURT~~
~~DISTRICT OF MARYLAND~~
~~BY~~ ~~DEPUTY~~

| | | |
|---|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE, | ) | Case No. _____ |
| | ) | Action Filed:  January 31, 2018 |
| Plaintiff, | ) | Action Served: February 14, 2018 |
| | ) | |
| v. | ) | |
| | ) | |
| PURDUE PHARMA L.P.; | ) | |
| PURDUE PHARMA INC.; | ) | |
| THE PURDUE FREDERICK COMPANY, INC.; | ) | |
| TEVA PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICA, INC. | ) | |
| n/k/a JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. | ) | |
| n/k/a JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ALLERGAN PLC f/k/a ACTAVIS PLC; | ) | |
| ACTAVIS, INC. f/k/a WATSON | ) | |
| PHARMACEUTICALS, INC.; WATSON | ) | |
| LABORATORIES, INC.; ACTAVIS, LLC; | ) | |
| ACTAVIS PHARMA, INC. f/k/a WATSON | ) | |
| PHARMA, INC.; ENDO HEALTH SOLUTIONS | ) | |
| INC.; ENDO PHARMACEUTICALS INC.; | ) | |
| MCKESSON CORPORATION; CARDINAL | ) | |
| HEALTH, INC.; AMERISOURCEBERGEN | ) | |
| DRUG CORP.; ROSEN-HOFFBERG | ) | |
| REHABILITATION AND PAIN MANAGEMENT | ) | |
| ASSOCIATES, P.A.; NORMAN B. ROSEN; | ) | |
| HOWARD J. HOFFBERG, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and

Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action,

captioned *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, bearing case number

24C18000515, from the Circuit Court of Maryland for Baltimore City, to the United States District

Court for the District of Maryland.   Pursuant to 28 U.S.C. § 1446(a), Endo provides the following

statement of the grounds for removal:

## INTRODUCTION

1.      This action is one of hundreds of related lawsuits filed against manufacturers of

FDA-approved prescription opioid medications and distributors of opioid products on behalf of

state and local governments relating to alleged harms stemming from abuse of these medications.

On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a

Multidistrict Litigation ("MDL") in the Northern District of Ohio that would include this case and

the many others like it, *i.e.*, cases in which "cities, counties and states . . . allege that:

(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the

risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or

(2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re*

*Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached

as **Exhibit 1**).   As the JPML found in centralizing these cases, "centralization will substantially

reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial

obligations, and prevent conflicting rulings on pretrial motions.   Centralization will also allow a

single transferee judge to coordinate with numerous cases pending in state courts."   *Id.* at 3.

2.      A common thread in many opioid-related cases against these same pharmaceutical

manufacturers and distributors (and now pending in the MDL) is plaintiffs tacking on unrelated

non-diverse defendants—doctors, medical centers, and other individuals, typically with a public

record of criminal violations with respect to the sale or prescribing of opioid medications—in an

effort to destroy diversity jurisdiction.[1]   That is the case here.   Since none of the pharmaceutical

manufacturers or distributors named in this action is a citizen of Maryland, Plaintiff has tacked on

an unrelated Maryland "pill mill" and its two principals and accused them of criminal drug dealing

by prescribing opioid medications to consumers without any legitimate medical purpose.

Notably, the plaintiff here seeks relief on behalf of the City of Baltimore, but this alleged "pill

mill" is not even located in the City of Baltimore.

3.      Federal jurisdiction cannot be so easily evaded.   "As numerous courts have

acknowledged . . . many plaintiffs' attorneys include in diversity cases a non-diverse defendant

only to non-suit that very defendant after one year has passed in order to avoid the federal forum."

*Linnin v. Michielsens*, 372 F. Supp. 2d 811, 824 (E.D. Va. 2005).   To guard against this "greatly

disturb[ing]" practice, courts must "call things as [they] see[] them."   *Id.* at 825.   Under settled

precedent from this Court and others, where (as here) a plaintiff sues diverse defendants and tacks

on materially distinct claims against one or more non-diverse defendants in an effort to destroy

diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them,

and retain diversity jurisdiction over the diverse parties.

4.      Thus, the basis for removal here is the same as in the many substantially similar

opioid-related cases previously removed to federal court:   there is complete diversity of

citizenship between the plaintiff, on the one hand, and the manufacturers and distributors, on the

---

[1] *See, e.g., County of Mora v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01044 (D.N.M.), Doc. 1 (Not. of Removal); *City of Seattle v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01577 (W.D. Wash.), Doc. 1 (Not. of Removal); *King County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00225 (W.D. Wash.), Doc. 1 (Not. of Removal); *Scott County, Indiana v. Purdue Pharma L.P. et al.*, No. 4:17-cv-00193 (S.D. Ind.), Doc. 1 (Not. of Removal).

other.   The citizenship of the non-diverse healthcare provider defendants should be ignored

because they are subject to severance under Rule 21 (because they are unnecessary and

dispensable parties under Rule 19 as well as misjoined under Rule 20), and also fraudulently

misjoined.

     5.     At least 28 opioid-related cases have been removed on these same grounds—*i.e.*,

diversity achieved through Rule 21 severance and/or fraudulent misjoinder of non-diverse

defendants—and transferred to the MDL *prior to resolving any remand motion.*   Eight of these

cases were transferred with a remand motion pending,[2] and 20 were transferred prior to any

remand motion being filed (without prejudice to plaintiffs moving for remand in the MDL court).[3]

---

[2] *See City of Dayton v. Purdue Pharma L.P. et al.*, No. 3:17-cv-00229 (S.D. Ohio), Doc. 1 (Not. of Removal); *County of San Joaquin, et al. v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01485 (E.D. Cal.), Doc. 1 (Not. of Removal); *City of Lorain v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01639 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872 (N.D. Ohio), Doc. 1 (Not. of Removal); *Scott County v. Purdue Pharma L.P. et al.*, No. 4:17-cv-00193 (S.D. Ind.), Doc. 1 (Not. of Removal); *County of Mora v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01044 (D.N.M.), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02185 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Seattle v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01577 (W.D. Wash.), Doc. 1 (Not. of Removal).

[3] *See County of Cuyahoga v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02482 (N.D. Ohio), Doc. 1 (Not. of Removal); *Avoyelles Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01567 (W.D. La.), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02516 (N.D. Ohio), Doc. 1 (Not. of Removal); *Calcasieu Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01585 (W.D. La.), Doc. 1 (Not. of Removal); *Rapides Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01586 (W.D. La.), Doc. 1 (Not. of Removal); *Washington Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-17722 (E.D. La.), Doc. 1 (Not. of Removal); *City of Elyria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00017 (N.D. Ohio), Doc. 1 (Not. of Removal); *Jefferson Davis Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00002 (W.D. La.), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P. et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *Drew Mem'l Hosp., Inc. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00010 (E.D. Ark.), Doc. 1 (Not. of Removal); *Vernon Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00053 (W.D. La.), Doc. 1 (Not. of Removal); *Allen Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00055 (W.D. La.), Doc. 1 (Not. of Removal); *Sabine Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00054 (W.D. La.), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of*

That is because the MDL court has indicated that it will address these remand motions in the coordinated proceeding. *See In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio), Doc. 4 (Dec. 14, 2017 Minutes & Scheduling Order) at 2. As one district court recently explained in staying a similar case pending transfer to the MDL, the MDL court "has indicated [its] desire to address motions to remand collectively, as several other actions in the [MDL] have also named non-diverse defendants. Thus, this [c]ourt finds that a deferral of the Motion to Remand is appropriate." *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order) at 4. And just last month, another district court reached the same conclusion in an opioid-related case: "[u]pon consideration of the fact that an MDL transfer is pending, the Court . . . finds that [the issue of whether to sever non-diverse defendants under Rule 21] should be decided by the MDL . . . to provide uniformity through the nation as to how the issue is resolved." *Estate of Brockel v. Purdue Pharma L.P. et al.*, No. 1:17-cv-00521 (S.D. Ala.), Doc. 58 (Feb. 27, 2018 Order Granting Stay) at 11. Accordingly, this action should be transferred to the MDL court for coordinated pretrial proceedings and resolution of any remand motion. Doing so will promote judicial economy and help ensure uniform treatment of related issues.

## BACKGROUND

6.    On January 31, 2018, Plaintiff, Mayor & City Council of Baltimore, filed a Complaint (attached hereto, with process papers served upon Endo Pharmaceuticals Inc., as **Exhibit 2**) in the Circuit Court of Maryland for Baltimore City against the following defendants:

---

*Lorain v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *Summit County et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00170 (N.D. Ohio), Doc. 1 (Not. of Removal); *Ouachita Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00094 (W.D. La.), Doc. 1 (Not. of Removal); *Evangeline Parish v. Purdue Pharma L.P. et al.*, No. 6:18-cv-00125 (W.D. La.), Doc. 1 (Not. of Removal); *King County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00225 (W.D. Wash.), Doc. 1 (Not. of Removal).

a.    "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.

b.    "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; and AmerisourceBergen Drug Corp.

c.    "Dealer Defendants" — Rosen-Hoffberg Rehabilitation and Pain Management Associates, P.A.; Norman B. Rosen; and Howard J. Hoffberg.

7.    The thrust of this Complaint—like hundreds of others in the MDL—is that the Manufacturer Defendants engaged in a marketing and promotional campaign that misrepresented the risks of FDA-approved prescription opioid medications.  (Compl. ¶¶ 4-7, 70-182.)  Plaintiff alleges that the Manufacturer Defendants "minimized or misrepresented the risks posed by opioid use and overstated the benefits of opioids" (*id.* ¶ 5); "tout[ed] the purported benefits of their branded" medications (*id.* ¶ 70); "created scientific support for their marketing claims by sponsoring studies that were methodologically flawed" (*id.* ¶ 81); and "inaccurately suggested that chronic opioid therapy was supported by evidence" (*id.* ¶ 162).   All of the Manufacturer Defendants are citizens of states or foreign states other than Maryland.

8.    As to the Distributor Defendants, Plaintiff alleges that they failed to report suspicious orders of opioid products.   (*Id.* ¶¶ 37-42, 186-197.)   All of the Distributor Defendants are citizens of states other than Maryland.

9. Plaintiff's allegations against the Dealer Defendants center on entirely different alleged conduct. As to the Dealer Defendants—a healthcare facility located outside the City of Baltimore[4] and its two physician principals—Plaintiff alleges that they engaged in criminal drug dealing by prescribing opioid medications to consumers without any legitimate medical purpose. (*Id.* ¶¶ 43-45, 200-201, 208-210, 221, 261.) Specifically, Plaintiff alleges that the Dealer Defendants operated a "pill mill" that has been disciplined for "excessive opioid prescribing" (*id.* ¶¶ 43-45, 200, 208); knowingly ignored the risks of addiction and abuse, and "deviated from the standard of care" (*id.* ¶¶ 209-210); and "breached [their] duties" as healthcare providers "by writing prescriptions which were not medically necessary" (*id.* ¶ 261). The Dealer Defendants are the only Defendants in this action who are citizens of Maryland. (*Id.* ¶¶ 43-45.)

10. The Complaint asserts two causes of action against all Defendants: public nuisance and negligence. (*Id.* ¶¶ 248-262.) The Complaint asserts two additional causes of action against the Manufacturer Defendants only: violation of Maryland's Consumer Protection Act and False Claims Statute. (*Id.* ¶¶ 263-280.)

11. Endo Pharmaceuticals Inc. received the Complaint through service on February 14, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo Pharmaceuticals Inc. is attached hereto as **Exhibit 2**. A copy of the state court docket and all documents filed in the state court action will be filed with this Court within 30 days, pursuant to Local Civil Rule 103.5(a).

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100, 1391, 1441(a), and 1446(a) because the Circuit Court of Maryland for Baltimore City, where the Complaint was filed,

---

[4] *Id.* ¶ 200 (alleging the "pill mill" has locations in Towson and Owings Mills).

is a state court within the District of Maryland.

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because

(1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants;

(2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other

requirements for removal have been satisfied.

## I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE MANUFACTURER AND DISTRIBUTOR DEFENDANTS

14.     There is complete diversity of citizenship here because Plaintiff is a Maryland

citizen and all of the Manufacturer Defendants and Distributor Defendants are citizens of states or

foreign states other than Maryland, *see* Part I.A *infra*; and the citizenship of the Dealer

Defendants—the only non-diverse Defendants here—should be ignored for purposes of diversity

jurisdiction, *see* Part I.B *infra*.   This is because the Dealer Defendants are subject to severance

under Federal Rule of Civil Procedure 21 and the fraudulent misjoinder doctrine.[5]

### A.     Plaintiff Is Diverse from the Manufacturer and Distributor Defendants

#### 1.  Plaintiff Is a Citizen of Maryland

15.     The Mayor & City Council of Baltimore is a Maryland citizen for purposes of

diversity jurisdiction.   *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political

subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State

for diversity purposes.") (citation omitted); *Mayor & City Council of Baltimore v. Weinberg*, 190

F. Supp. 140, 141 (D. Md. 1961) ("Plaintiff's contention that it is not a citizen of the State of

---

[5] Because all of the Distributor Defendants are diverse from Plaintiff, their presence in this lawsuit does not defeat diversity jurisdiction.   Nevertheless, the conduct underlying the claims against the Distributor Defendants is separate and distinct from the conduct underlying the claims against the Manufacturer Defendants.   The Manufacturer Defendants and Distributor Defendants thus reserve their separate and independent rights to seek severance of the Distributor Defendants from this action at an appropriate time.   Nothing in this Notice of Removal should be construed to mean that the Distributor Defendants are properly joined in this action.

Maryland within the meaning of the diversity statute . . . is without merit.") (citations omitted);

*Mayor & City Council of Baltimore v. CSX Transp., Inc.*, 404 F. Supp. 2d 869, 870 (D. Md. 2005)

(exercising diversity jurisdiction over suit between Mayor and City Council of Baltimore and

out-of-state companies).

### 2. None of the Manufacturer or Distributor Defendants Is a Citizen of Maryland

16.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business."  28 U.S.C. § 1332(c)(1).   A partnership is a citizen of every state in

which its partners are citizens.   *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012,

1015 (2016); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).   A

limited liability company is a citizen of every state in which its members are citizens.   *Id.*

17.     Applying these principles, none of the Manufacturer Defendants or Distributor

Defendants is a citizen of Maryland.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of

Delaware with its principal place of business in Malvern, Pennsylvania.   (Compl. ¶ 31.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of

Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

20.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of

Delaware, none of whose partners are citizens of Maryland.   (*See id.* ¶ 23.)   Its partners are

Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.   Purdue

Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP

Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings

L.P.   PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New

York and Connecticut; and BR Holdings Associates L.P.  BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P.  Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands.  Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

21.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

22.     Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

23.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.  (*Id.* ¶ 25.)

24.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.*)

25.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 29.)

26.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

27.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

28.    Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.   (*Id.* ¶ 34.)

29.    Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.   Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.

30.    Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

31.    Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.   (*Id.*)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.

32.    Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a Delaware corporation with its principal place of business in New Jersey.   (*Id.*)

33.    Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.   (*Id.* ¶ 37.)

34.    Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Dublin, Ohio.

35.    Defendant AmerisourceBergen Drug Corp. is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania.   (*Id.* ¶ 41.)

36.    Accordingly, all of the Manufacturer Defendants and Distributor Defendants are citizens of a state or foreign state other than Maryland.

**B.     The Citizenship of the Dealer Defendants Should Be Ignored**

**1.     The Dealer Defendants Should Be Severed Under Rule 21**

37.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Dealer Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants and Distributor Defendants.

38.     It is settled law in the Fourth Circuit that "non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants." *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978); *see Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action.").   As the United States Supreme Court has held, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004) (same).

39.     This Court's decision in *Sullivan v. Calvert Memorial Hospital*, 117 F. Supp. 3d 702 (D. Md. 2015), is particularly instructive.   There, a Maryland citizen filed suit in state court for injuries arising from the implant of a medical device.   *Id.* at 703.   The plaintiff asserted claims against the out-of-state manufacturer of the medical device, as well as non-diverse healthcare providers who performed her surgery.   *Id.* at 703-04.   Notwithstanding a lack of complete

11

diversity on the face of the complaint, the manufacturer removed the case to this Court, arguing the Court should exercise diversity jurisdiction by severing the non-diverse healthcare providers as unnecessary and dispensable parties under Rule 19. *Id.* at 704. This Court agreed. *Id.* at 707.

40.  Even though the claims against the manufacturer and the healthcare providers "involve[d] the same physical object," this Court held that severance was appropriate because the claims against the two sets of defendants involved "distinctly different" "legal standards and factual inquiries." *Id.* at 706. As this Court explained, "[t]he [healthcare providers] are not necessary parties to [plaintiff's] claims against the [diverse manufacturer] because the resolution of her claims against the [healthcare providers] would not necessarily resolve her claims against the [manufacturer]. [Plaintiff's] medical negligence claims against the [healthcare providers] hinge on whether they deviated from the standard of care of healthcare professionals . . . . Her products liability claims against the [manufacturer] turn on whether [it] . . . improperly designed, manufactured, tested, advertised, and gave directions regarding use of the [medical device]. These standards of care and the deviation from same are different and distinct from one another." *Id.* at 707.

41.  This Court further explained that there was "a critical policy reason" to sever the healthcare providers—namely, it would allow the claims against the diverse manufacturer to be transferred to an MDL. *Id.* "Whatever inconvenience [plaintiff] might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring the manufacturer . . . to defend on many more than just two fronts. Forcing the [manufacturer] to litigate [these] claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL." *Id.* (internal quotation marks and citation omitted).

Accordingly, the Court severed the healthcare providers and denied remand as to the diverse manufacturer. *Id.*

42.     Numerous decisions from this Circuit and other circuits are in accord with *Sullivan.* *E.g., Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-74 (N.D. Ohio 2009); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

43.     Likewise, here, this Court should sever the Dealer Defendants under Rule 21 and deny remand as to the Manufacturer and Distributor Defendants because the Dealer Defendants are unnecessary and dispensable under Rule 19.   Alleged joint tortfeasors like the Dealer Defendants are unnecessary parties as a matter of settled law.   *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Linnin*, 372 F. Supp. 2d at 826 ("[A] non-diverse defendant who is a jointly and severally liable tort-feasor is *not* an indispensable party to a diversity action under Rule 19 and may be dismissed by the court in order for it to retain jurisdiction.") (internal quotation marks and citation omitted).

44.     Moreover, just like *Sullivan* (and many other cases), in which the plaintiff's claims against the diverse and non-diverse defendants were materially distinct, here Plaintiff's claims against the Manufacturer Defendants and Distributor Defendants are materially distinct from those against the Dealer Defendants.   Specifically, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing and promoting the medications, and that the Distributor Defendants failed to report

13

suspicious opioid orders.   By contrast, Plaintiff's allegations against the Dealer Defendants center

on entirely different alleged conduct:   criminal drug dealing through prescribing of opioid

medications to consumers without any legitimate medical purpose.   There is no material overlap

between the factual allegations against the Manufacturer Defendants and Distributor Defendants,

on the one hand, and the Dealer Defendants, on the other, that would make the Dealer Defendants

necessary or indispensable parties under Rule 19.

45.     Beyond Rule 19, the claims against the Dealer Defendants are also misjoined under

Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims

against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or

series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P.

20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A.

02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for

correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties

fail to satisfy any of the conditions of permissive joinder under Rule 20(a).") (citation omitted).

Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants

and severed claims against non-diverse defendants where the claims against the non-diverse

defendants were separate and distinct, and arose from different transactions or occurrences.[6]

Because of the distinct factual underpinnings of the claims against the different sets of Defendants

here, these claims cannot properly be joined together.

---

[6] *See, e.g., Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458-59 (D.S.C. 2016);
*Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3
(N.D. Fla. Nov. 10, 2008); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL
4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v.
Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674,
683-84 (D. Nev. 2004); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003);
*Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

46.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio.  *See* Exhibit 1.  Courts across the country—including this Court—have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.  *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707; *Sutton*, 251 F.R.D. at 505; *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5.  As one district court within this Circuit explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]."  *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

47.     That Plaintiff asserts some causes of action against "all Defendants" changes nothing.  Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations in promotion of opioid medications) and Distributor Defendants (alleged failure to report suspicious orders) is separate and distinct from the factual basis for Plaintiff's claims against the Dealer Defendants (alleged criminal prescribing of opioid medications to consumers without any legitimate medical purpose).  *See, e.g.*, *Smith v. Hendricks*, 140 F. Supp. 3d 66, 75 (D.D.C. 2015) (claims against non-diverse healthcare providers misjoined with claims against diverse manufacturer; even though the plaintiff pleaded the *same*

15

cause of action against the healthcare providers and the manufacturer based on the *same* theory, the claims were misjoined because the plaintiff's interactions with the healthcare providers and the manufacturer were "wholly distinct"); *Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff truly wants to pursue claims against the Dealer Defendants, Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

48.     While the Complaint alleges that one Dealer Defendant (Dr. Howard J. Hoffberg) received money from two Manufacturer Defendants and participated in a continuing medical education presentation on October 14, 2017 (Compl. ¶¶ 213-217), this is too thin a reed on which to establish proper joinder. The core allegations purportedly giving rise to liability are separate and distinct. The alleged liability of the Dealer Defendants for criminally prescribing opioid medications to consumers without any legitimate medical purpose is not dependent upon or intertwined with the alleged liability of the Manufacturer or Distributor Defendants, and resolution of the materially distinct claims against the Dealer Defendants plainly would not resolve the claims against the Manufacturer or Distributor Defendants. *See, e.g., Sullivan*, 117 F. Supp. 3d at 707; *Baxter*, 614 F. Supp. 2d at 872. Moreover, any alleged tangential connection between these disparate claims cannot overcome the efficiencies to be gained from participation in the MDL. *See, e.g., Sullivan*, 117 F. Supp. 3d at 707; *Cooke-Bates*, 2010 WL 3984830, at *4.

### 2.   The Dealer Defendants Are Also Fraudulently Misjoined

49.     As an alternative to severance under Rule 21, the citizenship of the Dealer

Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent

misjoinder doctrine.  As district courts in this Circuit have explained, fraudulent misjoinder, also

called procedural misjoinder, "is an assertion that claims against certain defendants . . . have no

real connection to the claims against other defendants in the same action and were only included in

order to defeat diversity jurisdiction and removal." *Cty. Comm'n of McDowell Cty. v. McKesson

Corp.*, 263 F. Supp. 3d 639, 644 (S.D. W. Va. 2017) (citation omitted); *see also Tapscott v. MS

Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("A defendant's 'right of removal cannot

be defeated by a fraudulent joinder of a resident defendant having no real connection with the

controversy.'" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921))), *abrogated

on another ground by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

50.     While the Fourth Circuit has neither accepted nor rejected the fraudulent

misjoinder doctrine, the "weight of authority" from district courts in this Circuit "accepts the

doctrine." *McKesson Corp.*, 263 F. Supp. 3d at 645.

51.     In other opioid-related cases like this one, federal district courts in this Circuit

recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse

healthcare provider defendants and deny remand based on diversity jurisdiction.  *See id.* at 647;

*City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL

3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue

Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order) (concluding

claims against distributors of opioid products were not fraudulently misjoined with claims against

sales representatives of a manufacturer).  In *McKesson Corp.*, the plaintiff filed suit in state court

17

against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." 263 F. Supp. 3d at 642. Denying plaintiff's remand motion, the court held that "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct" and did not defeat diversity. *Id.* at 647. In *City of Huntington*, the court reached the same conclusion for substantially the same reasons. 2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

52.     Even if the Court finds that the Dealer Defendants are not subject to severance under Rule 21, it should find the claims against them to be fraudulently misjoined.

53.     In sum, because Plaintiff is a Maryland citizen, and because none of the properly joined Defendants is a Maryland citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

54.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

55.     Here, Plaintiff alleges that it has spent "millions of dollars" as a result of the "opioid epidemic." (*Id.* ¶¶ 20, 231, 262, 279.) Plaintiff seeks to recover its "losses[] and damages," as well as treble and punitive damages. (*Id.* Prayer For Relief ¶¶ (b) & (h).) It is thus

clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.   This Notice of Removal Is Timely

56.   This Notice of Removal is timely filed.   Endo Pharmaceuticals Inc. received the Complaint through service on February 14, 2018.   Because Endo filed the Notice of Removal on March 16, 2018, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

### B.   All Properly Joined And Served Defendants Consent to Removal

57.   For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

58.   The following properly served Defendants consent to removal, as indicated by their signing below:   Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; McKesson Corporation; Cardinal Health, Inc.; and AmerisourceBergen Drug Corp.

59.   The following Defendants have not been properly served, and thus their consent to removal is not required:   Actavis LLC; Allergan plc f/k/a Actavis plc; and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.   Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

60.   The Dealer Defendants are not properly joined in this action, and thus their consent to removal is not required.

61.     By filing this Notice of Removal, neither Endo nor any other Defendant waive any defense that may be available to them and reserve all such defenses.   If any question arises as to the propriety of the removal to this Court, Endo requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Circuit Court of Maryland for

Baltimore City to the United States District Court for the District of Maryland.


DATED:   March 16, 2018

/s/ *John Freedman*

John A. Freedman (D. Md. Bar No. 20276)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington DC 2001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
* *denotes national counsel who will seek pro hac*
*vice admission*

**WRITTEN CONSENT OF OTHER
DEFENDANTS**

Consent to removal on behalf of Defendants
PURDUE PHARMA L.P., PURDUE PHARMA
INC., and THE PURDUE FREDERICK
COMPANY INC.:

 /s/ Mark S. Cheffo*
Mark S. Cheffo*
Hayden A. Coleman*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
markcheffo@quinnemanuel.com
haydencoleman@quinnemaneul.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
* *denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON
LABORATORIES, INC., ACTAVIS LLC, and
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC.:

/s/ Brian M. Ercole*
Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339
brian.ercole@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., and
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC.:

/s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac
vice admission*


Consent to removal on behalf of Defendants
ALLERGAN PLC (F/K/A ACTAVIS PLC) and
ALLERGAN FINANCE, LLC (F/K/A ACTAVIS,
INC. F/K/A WATSON PHARMACEUTICALS,
INC.):

/s/ Donna Welch*
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Kevin B. Collins
Kevin B. Collins (D. Md. Bar No. 13131)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5598
Facsimile: (202) 778-5598
kcollins@cov.com


Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ Enu Mainigi
Enu Mainigi (D. Md. Bar No. 15261)
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN DRUG CORP.:


/s/ Kelly H. Hibbert
Kelly H. Hibbert (D. Md. Bar No. 18347)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317
(202) 414-9200
khibbert@reedsmith.com

Robert A. Nicholas*
Shannon E. McClure*
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch*
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com
*denotes national counsel who will seek pro hac
vice admission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the

following by regular United States mail, postage prepaid:

Andre M. Davis
Suzanne Sangree
Christopher R. Lundy
Lydie E. Glynn
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202

Bill Carmody
Arun Subramanian
Seth Ard
Zach Savage
Jillian Hewitt
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

*Attorneys for Plaintiff*

Mark S. Cheffo
Hayden A. Coleman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Patrick J. Fitzgerald
R. Ryan Stoll
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

*Attorneys for Defendants Allergan plc f/k/a Actavis plc and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Kevin B. Collins
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001

*Attorneys for Defendants McKesson Corporation*

Enu Mainigi
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

*Attorneys for Defendants Cardinal Health, Inc.*

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

Kelly H. Hibbert
REED SMITH LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005-3317

*Attorneys for Defendants AmerisourceBergen Drug Corporation*

Richard D. Rosenthal
Jacobsom & Myerberg PA
502 Washington Avenue
Suite 610
Townson, MD 21204

*Attorneys for Norman B. Rosen and Howard J. Hoffberg*

Rosen-Hoffberg Rehabilitation and Pain Management Associates, P.A.
8415 Bellona Lane
Townson, MD 21204


Dated:   March 16, 2018


/s/ _Stacie James_
Stacie James
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000

29